Varela v. Department of Veterans Affairs Good morning, Mr. Carpenter. Welcome back to the court. Please proceed. Thank you very much, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mrs. Helen Varela. Mrs. Varela appears before this court in a challenge to a decision on an interpretation of a statute 38 U.S.C. 1311A.2. Doesn't your case depend on our agreeing with you that 1311 creates entitlement? Correct. Now, your veteran died of a non-service-connected disability. That's correct, Your Honor. And the eligibility for that seems to rest on 1318, at least normally. But you're saying, no, it can rest entirely on 1311A.2 in the case of a surviving spouse of a veteran who died of a non-service-connected disability. Yes, Your Honor. What we're saying is that... Right? That's correct. But in addition... But where in 1311, the entire section, is there any discussion of entitlement to indemnity and dependency compensation, as opposed to various levels of enhancement for those people who otherwise established such entitlement? The word entitlement doesn't appear in 1311, for example, and no other language that would equivalently seem to create entitlement. No, it does not, Your Honor, and that's the problem across the board. And if we look at 1318 in the final subsection, it does talk about entitlement. So, I'm preliminarily forced to conclude that one gets entitlement, assuming non-service-connected death, by the terms of 1318. And once entitlement is established under the terms of 1318, then possibly there would be enhancements to the basic level of compensation if the person could prove some of the prerequisites set out in the subsections, including 1311A2. But somehow you're saying, no, the entitlement comes out of 1311. I can't follow why that would be the case. Because of the plain language of the statute. What language? Well, if you look at the language, it says, In the case of the death of a veteran who at the time of death was in receipt or was entitled to receive compensation for a service-connected disability rated totally disabling for a continuous period of at least eight years immediately preceding death. And then it talks about the fact that the spouse has to be married for that entire eight-year period. Now that's all that is required, and when you read A1 with A2, it simply says that DIC shall be paid to a surviving spouse. And that's the critical difference here, is that 1318 applies to both. I don't think I can agree with that. It looks to me like A2 says, if you qualify, you can boost the amount of A1 by showing certain additional things. But your veteran was denied on the basis that he hadn't established entitlement to any level of compensation, not even the basic level, much less an add-on over and above the basic level. Well, just to be clear, Your Honor, my client is the surviving spouse. She is the dependent, not the veteran. And she qualifies based upon her deceased husband's status. And that's all that's referred to in each of these critical sections. In 1310, it is the status of the spouse. Well, 1310 is not relevant because this veteran didn't die of a service-connected, non-service-connected condition. So he's either under 18 or 11. Or independently under 11. That's correct. And it looks to me like he has to qualify under 18, but you're saying no, he can qualify for the basic entitlement and an enhancement just by the words in 1311A2, right? That's correct. Because there is nothing in 1311 that says the qualifying language that you read into it and that the court below read into it and that the VA chooses to read into it. There isn't anything in 1311 that says if you qualify under 1310 or if you qualify under 1318, then we will pay you this amount. But A1 says the basic level is $1,000 and a little bit more. Correct. And then A2 says, and if you meet some other requirements, you get the $1,000 plus and an enhancement of $265 if memory serves correctly. Why doesn't that tell us that the section sets amounts and enhanced amounts but doesn't do anything with entitlements? Because 1311A1 says that DIC shall be paid to a surviving spouse. A surviving spouse is the only one that qualifies under A2. Under 1318, the qualifying dependents are not only the surviving spouse but dependent children and even dependent parents. How does that help you? It seems to me that's of course the government's case because you have to show that you meet the basic qualifications of 18 to get any money and then if you can meet some additional qualifications like a longer period of marriage, you get the extra $265. But that's an absurd result because you have to meet a one-year marriage requirement and a ten-year total disability in order to get an enhancement for an eight-year total disability and an eight-year marriage. It's not absurd since the enhancement provision also deals with 1310 so that the marriage requirement of 11 isn't redundant. It has meaning in a case that originates entitlement under 1310. It does by implication but it does not expressly. It doesn't expressly say that if you meet the qualifications under 1310, you're paid at the DIC rate. What the Congress said was that the DIC rate shall be this base rate and then in a separate section that it added in 1992, effective in 1993, it said that we're going to provide for an additional amount of compensation for a separate classification of dependents and that was narrowed to surviving spouses who had been married for eight years to persons totally disabled for a period of eight years. That's not what it says. It says if we're going to provide an enhancement to the benefit that was otherwise provided, which you agree is ten and one is the minimum, and we're going to provide an enhancement where the one is a minimum of eight years. Why is that absurd? They wanted to provide an enhancement. Otherwise, veteran ten years of disability married for one year, you get 1100. And if you're married for a minimum of eight years, you get an enhancement. It seems to me that's a perfectly logical policy decision. I don't understand the absurdity of it. Because the legislative history of this additional compensation for dependency and indemnity compensation arises out of Congress's recognition that spouses who are married to totally disabled individuals have an additional burden, and identifying that additional burden by the number of years of marriage allows for that enhancement not just in one way but in two ways. In the way of eight years of total disability and eight years of marriage, independent of the one and three. If there was anything in 1311 that referred to 1318, then I would agree that there is reason to interpret this statute this way. But you're asking to deprive Mrs. Borrella of the benefit of benefits that she would qualify for had her husband only lived, and been totally disabled, another 14 months. Because that's all that he was shot. But that's where it comes through the line. There's always a line, whether it's ten years of marriage or one year of marriage. There's a lot. He fell short of the ten-year requirement. And that's the ten-year requirement under 1318. She's not entitled under 1318. She is entitled under 1311A2. But you're saying she's entitled to both basic level of pay and the $265 enhancement. Yes, because 1311 has subsection A1 and A2. But A1 is the one that deals with the basic level, and A2, which you're resting your entire case on, deals only with the enhancement, right? With all due respect, Your Honor, it is the basic level for a surviving spouse. But the surviving spouse in this case who... But you would agree that A1, 1311A1, is the amount that's applicable to all the folks that qualify under 1318. In other words, this applies to all individuals who are disabled a minimum of ten years and married at least one year. So, of course, it has a relationship to that. That's what pegs the entitlement to A1. But it likewise qualifies for 1310 widows as well, widows whose husbands die from a service-connected condition. Now, 1310 provides for two alternatives, death on active duty, and obviously you can't meet the A2 qualification if you died on active duty. But if you died from a service-connected death, you could meet the A2 and get that enhanced benefit. The point here is that this is simply a way to exclude a category of recognized classification of widows that should receive dependent benefits at a higher rate based upon the qualifications that are identified in A2. But you're saying that they should be entitled to a higher rate, but the question I think we have is how can someone qualify for a higher rate when they otherwise wouldn't qualify for the base rate, right? That's what this case is about. That's what this case is about. Because what the court below did and what the VA does is attempts to read them together. I'm simply saying that there is no reason to read them together. If you read A1 followed by A2 and you look at the facts, Mrs. Barela's husband was totally disabled for more than eight and a half years, and she was married in those eight and a half years. That qualifies for the benefits described in 1311 because she is her surviving spouse and she meets the qualifications under A2. Let's hear from the government and we'll give you back some rebuttal time. May it please the Court. The Veterans Court properly determined that 1311A2 is simply an enhancement of benefits, not an independent basis for DIC. The language in the statute is confusing, if that's correct. I mean, it's difficult to follow because if you look at the language in A2, it talks about a totally disabling for continuous period of eight years, and that's where the confusion lies. They're not just talking about someone who's been married for eight years. I mean, so you agree there's some confusion in the way Congress chose to word this provision, right? The wording is a little bit off. There's not a confusion, though, in what Congress meant in saying that the Veteran had to be totally disabled for a period of eight years, and then the last part of A2, which says only periods in which the Veteran was married to the surviving spouse. Yeah, but why would they say totally disabled for a period of eight years? Why wouldn't they have said totally disabled for a period of ten years with the surviving spouse having been married for eight years? That would have been the most logical way to accomplish what you say is what they were trying to accomplish. Not necessarily because this enhancement applies to both 1318 and 1311. So if you're talking about only the context of an enhancement on top of a 1318 eligibility, then yes, the ten years would make more sense than saying eight years, because under 1318 you have to have been disabled for ten years. And once you're under 1318, assuming that you were married for at least eight years, you would get the 1311 enhancement. But where the eight versus ten comes in is if you're getting your basic eligibility under 1310, which has no time requirements for marriage, then the eight years totally disabled would get you the enhancement, as opposed to putting it in as a ten-year total disability. So there is a different function between the ten years and the eight years if you're applying the 1311 enhancement to someone who qualifies initially under 1310. What is that different function explained in the legislative history? It just appears to have appeared eight years instead of ten. There is no explanation in legislative history as to why Congress chose eight years as opposed to the ten years in 1318 or any other period of time. Presumably Congress thought that was a sufficient period of time to warrant an extra benefit on top of the usual basic eligibility under A1, but there is no explanation as to why eight years was the chosen number. It does make some sense if you look at the order in which the various statutes were enacted. So the first dependency and indemnity compensation was in 1958, and that was 410, which became 1310 for service-connected deaths, and 411, which became 1311, which provided the rate. So initially in 1958, the only way you could get DIC would be based upon a service-connected death. Then in 1978, Congress decided to expand that and say not only service-connected death, but if the death was not service-connected and the veteran was totally disabled for ten years, then you could also get DIC. So that was another expansion in terms of the basic eligibility. That's the legislative history that Ms. Burrell cites in her brief about the hardship having a totally disabled spouse translating into a need for DIC. Then in 1992 was the addition that we're talking about here, 1311A2, which Congress discussed specifically as an additional amount on top of the basic rate. Congress in the joint explanatory statement described it as an add-on, and then the House report went even into more detail and said specifically that this was not intended to be a liberalization of the basic eligibility and that basic eligibility for non-service-connected deaths would still be governed by 1318. But that latter language was omitted from the joint statement, as Mr. Carpenter pointed out. So what does that tell us? It doesn't tell us very much, except that the joint statement is not at all inconsistent with that latter language. The joint statement still calls it an add-on in addition to basic DIC. He agrees it's an add-on. The real question is what Judge Prost has focused on. Is there anything to add on to? Is there any basic rate to which there's an entitlement? Not for 8 years of total disability and 8 years of marriage. That's not a basic rate. If you look at the plain language of 1311, it's very different from 1310 and 1318, which provide the basic rate. 1310 says when any veteran dies from a service-connected disability, the secretary shall pay dependency and indemnity compensation. 1318 has similar language saying the secretary shall pay benefits under this chapter to the surviving spouse. 1311 is worded very differently. A says dependency and indemnity compensation shall be paid to a surviving spouse at the monthly rate of about $1,000. And then A2 says the rate under Paragraph 1 shall be increased by $246. So 1311, unlike 1310 and 18, talks specifically about the rate. And that's further clarified if you look to VA's Regulation 3.10a. It says general determination of rate. When VA grants a surviving spouse entitlement to DIC, VA will determine the rate of the benefit it will award, basically saying first you look at entitlement, then you look at rate, and then it further says in 3.10a the rate of the benefit will be the total of the basic monthly rate specified in Paragraph B, which mirrors the 1311A1 basic rate, and any applicable increases specified in Paragraph C or E. And then Paragraph C talks about the 1311A2 increase. So 3.10 further explains that entitlement is governed by something different than rate, which is governed by 1311A1 for the basic rate and then 1311A2 for the increase. Can I just make sure I'm clear of the class of people that we're talking about here? If Mr. Carpenter were to prevail, the class that would be covered that, in your view, shouldn't be covered is only between those veterans who were disabled for between 8 and something less than 10. That's correct. Ten years, and further limited by those that were married for 8, that had the 8-year marriage requirement, right? Right. So that's the class of people that are, in your view, excluded. Yes, it would be a spouse who was married for at least 8 years with a veteran who was totally disabled for somewhere between 8 and 10 years. It would be, if this was a separate way to obtain DIC, those would be the only individuals that would be covered. What's the policy logic for excluding those people? Again, it's not apparent from the legislative history why Congress chose in 13... No, but I mean, can you suggest a logical policy reason why Congress would have wanted to exclude the people in the category that you just defined? Not necessarily that Congress would want to exclude, but when Congress was enacting this 1311A2, it was an add-on to what already existed, which was 1318 and 1310. So if you look at 1310, the veteran dies from a service-connected disability, and say they were never totally disabled. There's less of a hardship on the surviving spouse than if they both died of a service-connected disability and were totally disabled for 8 years. So the policy reason for that order would be Congress wanted to give an extra amount to these spouses who not only had... I'm not talking about who's included. I'm trying to get you to focus on who's excluded. The exact facts of this case. Why would Congress logically want to exclude the widow of this soldier? Congress chose a line of 10 years to determine that 10 years was a legitimate amount of time to say that this surviving spouse deserves an extra amount of DIC over the basic amount, or that this spouse deserves DIC even though the death is not service-connected. Why they chose 8 years for the other addition, again... But don't you agree with Judge Prost that this is a very awkward category of people who fall between 8 years and 10 years? It is. It is an awkward category. Why would we assume Congress would want to create such an awkward category? Again, I think when Congress... And this is not in the history specifically, but I think when Congress was adding A2, that they were looking at 1310, the people who qualified under 1310 for a service-connected death, and wanted to give those people an extra bonus if, in addition to the service-connected death, they had a total disability for 8 years. Perhaps it's not as consistent with 1318 having the 10-year requirement, but it does make sense, at least in the context of 1310, that there would be an additional burden on the surviving spouse if there was not only a service-connected death but also a total disability for 8 years on top of that. But focusing on 1318, if you're totally disabled for 10 years and you're married for one, that spouse gets the rate. But under your interpretation, if you're totally disabled for 9½ years and you've been married the whole time, 9½ years for the spouse, you get zero. And this is a statute that's focusing on really the spouse and continuance of some sort of support for someone who's long married and presumably long dependent on the benefits that the disabled veteran is receiving. That's true, and Congress determined that 10 years would be the appropriate amount for that person to get basic DIC. No, 10 years is for the veteran who's been disabled for 10 years, but not referencing the marriage. The marriage is only one year, and we're talking about what the surviving spouse is going to get, not what the veteran is going to get, correct? That's correct. It's a one-year marriage requirement and a 10-year disability requirement. Why Congress decided to have the marriage requirement be less under 1318 is not clear from the legislative history. But certainly the length of the total disability has some effect on the spouse, as the legislative history of 1318 indicates as to why Congress decided to go beyond just service-connected deaths to give a surviving spouse benefits for non-service-connected death. I don't understand what you said. The rate of disability has some effect on the surviving spouse, but we're talking 10 and 1, which is they weren't a spouse for arguably 9 out of the 10 years of the total disability, right? That's true, but the veteran was totally disabled for 10 years, so even if they were not married to the veteran, perhaps the veteran didn't have as much of an income or any income during those years prior to their marriage. I mean, that would have some effect on the spouse. Whether they had been married during that time or not, the veteran, having been disabled for such a long period of time, would have an effect on that veteran's life, work, et cetera, and that could have an effect on the surviving spouse long-term even if the spouse had only been married to the veteran for one year. Also, under 1318, you are still eligible for the add-on of 1311A2, so if there is a 10-year disability and a marriage longer than 8 years, you do still get that bump-up under 1311A2. Yeah, as I said earlier, what's bothering me in terms of lack of clarity is that 1311A2 does not say 10 years of disability, 8 years of marriage. It says 8 and 8. That's the confusion here. Right, because that's not necessary when you're combining 1318 and 1311. The 8 years doesn't really come in. The 8 years of disability doesn't really come in because you've already got the 10 years of disability under 18. Yeah, it doesn't really come in. The problem for you is that the statute says it. Right, but it still comes in under 1310, which is why it's not superfluous language, because under 1310, there is no length of disability requirement. So under A2, you have to have the 8 years of disability to get the bump-up if you're qualifying under 1310, so it does have an effect in relation to 1310. Is your argument that Congress must have intended the result in this case, or is your argument simply that, well, they may have made a big mistake, but what they said is clear and we have to follow what they said? It's unclear why Congress chose the 8 years for A2 and the 10 years for 1318, but it does make some sense that you get an additional add-on for the 8 years of disability and the 8 years of marriage. In either case, whether it's under 1310, service-connected death, or under 1318, in either case, you could qualify for the add-on, and it makes sense that the additional years of marriage would be required for an additional amount. These reasons, we request that you affirm the decision of the Veterans Court. Thank you. Thank you. Mr. Carpenter, rebuttal. Three minutes. Just very briefly, Your Honor. There is no basis for exclusion of Mrs. Barella and other qualifying widows under 1311A2, and therefore any lack of clarity in this statute should be resolved in the favor of Mrs. Barella and other similarly situated widows. If there's any other questions, I'm happy to submit them now. Thank you both. We'll take the appeal under advisement.